# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* Walker, Minors.

UNPUBLISHED
April 14, 2016

No. 327210
Wayne Circuit Court
Family Division
LC No. 03-416027-NA

*In re* Walker, Minors.

No. 327211
Wayne Circuit Court
Family Division
LC No. 03-416027-NA

Before: MURRAY, P.J., and STEPHENS and RIORDAN, JJ.

PER CURIAM.

In these consolidated appeals, respondents appeal as of right the trial court's order terminating respondent-mother C. Walker's parental rights to her minor children, KKW, KKKW, and KCW, and terminating respondent-father R. Allen's parental rights to KKKW. The court terminated the parental rights of both respondents pursuant to MCL 712A.19b(3)(c)(*i*), (c)(*ii*), (g), (j), and (l). We affirm in both appeals.

## I. DOCKET NO. 327210

Respondent Allen argues that the trial court erred in failing to hold petitioner in contempt for failing to provide him with therapy at no cost to him. Allen failed to preserve this issue by raising it in the trial court. Therefore, review is limited to plain error affecting Allen's substantial rights. *In re VanDalen*, 293 Mich App 120, 135; 809 NW2d 412 (2011).

"Contempt of court is defined as a wilful act, omission, or statement that tends to impair the authority or impede the functioning of a court." *Arbor Farms, LLC v GeoStar Corp*, 305 Mich App 374, 387; 853 NW2d 421 (2014) (Citation and quotation marks omitted.). There is no indication that the caseworker willfully defied the court's order to provide therapy. After the caseworker unsuccessfully contacted various agencies, Allen agreed to attend therapy at University of Detroit Mercy. The caseworker testified that Allen never indicated that he could

-1-

not afford the $20 intake fee, and that he actually made, but then cancelled, several appointments. Allen never requested in-home therapy, and in any event, he testified that transportation was not a problem because he owned a car. Although Allen testified that he could not afford the $20 intake fee, and that the caseworker never told him that the $5 per session fee could be waived, the trial court evidently found the caseworker's testimony credible. Under these circumstances, there is no clear basis for imposing a sanction against petitioner. Accordingly, Allen has not established a plain error.[1]

Allen also argues that the trial court made erroneous findings of fact, and that the evidence did not support the statutory grounds for termination. The burden is on petitioner to establish a statutory ground for termination in MCL 712A.19b(3) by clear and convincing evidence. MCR 3.977(A)(3) and (H)(3); *In re Trejo*, 462 Mich 341, 355; 612 NW2d 407 (2000). We review the trial court's findings for clear error. MCR 3.977(K); *In re Trejo*, 462 Mich at 356. A finding is clearly erroneous when the reviewing court is left with the definite and firm conviction that a mistake has been made. *In re JK*, 468 Mich 202, 209-210; 661 NW2d 216 (2003). "[T]his Court accords deference to the special opportunity of the trial court to judge the credibility of the witnesses." *In re Fried*, 266 Mich App 535, 541; 702 NW2d 192 (2005); MCR 2.613(C).

The trial court terminated the parental rights of both respondents under MCL 712A.19b(3)(c)(*i*), (c)(*ii*), (g), (j), and (l), which permit termination under the following circumstances:

> (c) The parent was a respondent in a proceeding brought under this chapter, 182 or more days have elapsed since the issuance of an initial dispositional order, and the court, by clear and convincing evidence, finds either of the following:
>
> (*i*) The conditions that led to the adjudication continue to exist and there is no reasonable likelihood that the conditions will be rectified within a reasonable time considering the child's age.
>
> (*ii*) Other conditions exist that cause the child to come within the court's jurisdiction, the parent has received recommendations to rectify those conditions, the conditions have not been rectified by the parent after the parent has received

---

[1] We also reject Allen's related argument that his counsel was ineffective for not objecting to petitioner's failure to comply with its obligation to provide therapy. Because the record discloses that Allen agreed to attend therapy at University of Detroit Mercy, and that it was Allen who cancelled the scheduled appointments, there was no clear basis for holding petitioner in contempt for violating the court's order relative to therapy. Therefore, counsel's failure to object on that basis was not objectively unreasonable. *In re Osborne (On Remand)*, 237 Mich App 597, 606; 603 NW2d 824 (1999).

notice and a hearing and has been given a reasonable opportunity to rectify the conditions, and there is no reasonable likelihood that the conditions will be rectified within a reasonable time considering the child's age.

* * *

(g) The parent, without regard to intent, fails to provide proper care or custody for the child and there is no reasonable expectation that the parent will be able to provide proper care and custody within a reasonable time considering the child's age.

* * *

(j) There is a reasonable likelihood, based on the conduct or capacity of the child's parent, that the child will be harmed if he or she is returned to the home of the parent.

* * *

(l) The parent's rights to another child were terminated as a result of proceedings under section 2(b) of this chapter or a similar law of another state.

The evidence supports the trial court's findings and conclusions to terminate Allen's parental rights under each of these grounds.

Allen represented throughout the proceedings that he was unable to provide proper care for his child because of multiple chronic health problems. He also suggested placing his child with his mother, but she told the caseworker that she was not presently able to accept custody of the child. Moreover, Allen's inconsistent attendance at visitation, his failure to take an active role in parenting both this child and other children to whom his parental rights were previously terminated, and his dependence on others to maintain his home, establish that he had not rectified his parental deficiencies, and that there was no reasonable likelihood that he could do so within a reasonable time. Furthermore, termination under § 19b(3)(l) did not require proof of anticipatory neglect, or proof that adequate reunification services had been offered to him previously, as the prior termination is enough to support termination under § 19b(3)(l).

The trial court also did not clearly err in finding that termination of Allen's parental rights was in his child's best interests. MCR 3.977(K); *In re Trejo*, 462 Mich at 356. Once a statutory ground for termination is established, the trial court shall order termination of parental rights if it finds by a preponderance of the evidence that termination is in the child's best interests. MCL 712A.19b(5); *In re Brown/Kindle/Muhammad*, 305 Mich App 623, 637; 853 NW2d 459 (2014). Although there was evidence that Allen and his child were bonded, and that the child enjoyed their visits, the evidence supported the trial court's findings that Allen did not take an active role in parenting her. Most of the child's four years were spent in foster care, waiting for respondents to fulfill their responsibilities as parents. Throughout most of the proceedings, Allen's plan was not to fulfill his responsibilities, but to have Walker or his mother assume primary care of the child. Allen did not declare an intent to assume full custody until after the petition to terminate parental rights was filed. He missed several visits with the excuse

-3-

that he was busy, although he had no employment obligations.  Considering all of the evidence, the trial court did not clearly err in finding that the child's need for permanency weighed in favor of terminating Allen's parental rights.

## II.  DOCKET NO. 327211

Although respondent Walker also argues that the trial court erred in finding statutory grounds to terminate her parental rights, she specifically addresses only the findings and conclusions under § 19b(3)(j).  She does not challenge the trial court's reliance on §§ 19b(c)(*i*), (c)(*ii*), (g), or (l) as additional grounds for termination.  Because only one statutory ground for termination is required to terminate parental rights, respondent Walker's failure to challenge these other statutory grounds precludes appellate relief.  *In re Frey*, 297 Mich App 242, 244; 824 NW2d 569 (2012).

In any event, the evidence was sufficient to establish each of the cited grounds for termination.  Walker failed to rectify her inability to provide a stable home.  Her employment was sporadic, and appeared to be patched together from various jobs in the underground economy.  Walker missed visitation sessions and Infant Mental Health sessions, and apparently instructed a relative to lie about her visitation attendance.  She did not follow Cherita Jimison's suggestions for interacting with KCW.  She did not engage with her children, and struggled to manage all three children for the hour-long visit.  Walker's failure to actively participate in services, combined with her past terminations of parental rights, supports that she is unlikely to resolve her parental deficiencies or be in a position to provide proper care and custody within a reasonable time.  Moreover, the prior termination of her parental rights to three other children is in itself sufficient to support termination under § 19b(3)(l).[2]

Affirmed.

/s/ Christopher M. Murray
/s/ Cynthia Diane Stephens
/s/ Michael J. Riordan

---

[2] Walker makes no effort to argue against the trial court's best interest findings, and we conclude that the court's findings on that issue were not clearly erroneous.